FILED
2012 Jul-31  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY WISE, an individual, and MARY WISE, an individual,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.:** |
| **v.** | ) ) | |
| **BANK OF AMERICA, N.A., a corporation,** | ) ) | |
| **Defendant.** | ) ) | |

---

**COMPLAINT**

---

**COME NOW** the Plaintiffs, ANTHONY WISE and MARY WISE, by and through their attorney of record and files this Complaint, and  further states as follows:

**<u>PARTIES, JURISDICTION, AND VENUE</u>**

1. The Plaintiff, Anthony Wise, is over the age of nineteen (19) and is a resident of Prattville, Autauga County, Alabama.

2. The Plaintiff, Mary Wise, is over the age of nineteen (19) and is a resident of Prattville, Autauga County, Alabama.

3.      The Defendant Bank of America, N.A., is a national association, a foreign corporation, formed in the United States with a principal address in North Carolina and who is licensed to do business in the State of Alabama and who does business in Jefferson County, Alabama.

4.      Personal jurisdiction exists over Defendant as they have the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiffs in Alabama.

5.      Subject matter jurisdiction exists under 28 U.S.C. Section 1332.

6.      The Plaintiffs are citizens of Alabama.

7.      Defendant is not a citizen of Alabama.

8.      The amount in controversy is over $75,000.

9.      Venue is proper in this judicial district under 28 U.S.C. Section 1391(a)(2) as "a substantial part of the events or omissions giving rise to the claim" asserted occurred in this judicial district.


## FACTS

10.     The Plaintiffs own certain real estate.

11.     This real estate includes a single family home.

12.     The property is more specifically described as 144 East Poplar Street, Prattville, Alabama.

13.   Bank of America holds a loan on the property, Loan # 136132595. That note was purportedly secured by the subject property.

14.   Plaintiffs contacted Bank of America (hereinafter "BOA"), the lender, to work out the loan and enter into a modification plan.

15.   On or about May 25, 2010, Plaintiffs entered into a loan modification with Defendant BOA.

16.   Despite this agreement, in or about September 2010, Defendant BOA notified the Plaintiffs that the agreement would not be honored.

17.   Defendant negligently and/or wantonly breached their agreement with Plaintiffs in September of 2010 and reported derogatory credit information on credit reports due to the breaches.

18.   The Plaintiffs discovered this breach in December of 2010.

## COUNT ONE
## (FAIR CREDIT REPORTING ACT)

19.   Plaintiffs adopt and reallege each and every allegation contained in the preceding paragraphs as if set forth fully herein.

20.   The wrongful acts complained of occurred both prior to and after Plaintiffs disputed the accuracy of the derogatory credit information.

21.   Plaintiffs bring this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter referred to as "FCRA"), and for willful and malicious state law violations as set out

above. Plaintiffs seek actual damages, punitive damages, costs, and attorney's fees.

22. Defendant is furnisher of information as contemplated by the "FCRA", who regularly and in an ordinary course of business furnished information to one or more consumer reporting agencies and/or third persons about consumer transactions or experiences with any consumer.

23. The Defendant has violated the FCRA, 15 U.S.C. §§ 1681-1681u, by its false and fraudulent reporting of erroneous information to credit reporting agencies for subsequent supply and distribution to individuals and institutions seeking credit verification on behalf of the Plaintiffs.

24. Plaintiffs' creditworthiness has been repeatedly compromised by the acts, obduracy, and general indifference of the Defendant. Plaintiffs have acquired copies of their credit profile from credit reporting agencies. Plaintiffs' desire to acquire the same stemmed from difficulties encountered regarding the acquisition of financing. These problems began after BOA furnished adverse and erroneous credit information to credit reporting agencies. The adverse and erroneous information remain on Plaintiffs' credit profile.

25. Despite attempts to correct this matter and in addition to those attempts, the Plaintiffs disputed the information on the credit report; however, the

Defendant verified the debt. There is no evidence that the Defendant took the necessary steps to obtain or evaluate the pertinent documents, which would have enabled it to evaluate Plaintiffs' contentions.

26.     The Defendant failed to investigate Plaintiffs' dispute in accordance with FCRA § 1681(i). A furnisher of information cannot simply re-verify, but instead bears some responsibility for evaluating the accuracy of information obtained.

27.     The Defendant could have verified the inaccuracy of Plaintiffs' derogatory credit entry simply by producing and inspecting the relevant documentation. Defendant's failure to properly verify relative to this dispute constituted a further violation of FCRA § 1681(i).

28.     In the entire course of this action, Defendant willfully, maliciously, and/or negligently violated the provisions of the FCRA.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray this Court grant the following relief as against Defendant:

a)      Actual damages in an amount to be determined by a jury;

b)      Punitive damages in amount to be determined by a jury;

c)      Attorney's fees;

d)      Expenses; and

e)      Costs.

## COUNT TWO
## (BREACH OF CONTRACT)

29.     Plaintiffs reallege and incorporate all prior paragraphs of the Complaint as if fully set forth herein.

30.     On or about May 25, 2010, the Plaintiffs and Defendant entered into a contractual agreement regarding Plaintiffs' property.

31.     At all times relevant hereto, the Plaintiffs were ready, willing and able to perform pursuant to the terms of the Contract.

32.     At all times relevant hereto, the Defendant has failed and refused to perform pursuant to the terms of the Contract.

33.     The subject Contract was valid and enforceable, and in full force and affect, and was supported by adequate consideration.

34.     In September 2010, the Defendant breached the loan modification agreement by refusing to honor it.

35.     Defendant breached the contract with Plaintiffs and thereby caused Plaintiffs incidental and consequential damages (including mental anguish).

36.     This includes the improper accounting, charges, payment processing, loss mitigation efforts and the foreclosure process itself.

37.     Plaintiffs have been damaged as a result of the Defendant's breach.

38.     Plaintiffs claim all damages allowable under law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact plus interest, costs, expenses, and attorney's fees.

## COUNT THREE
### (NEGLIGENCE/WANTONNESS)

39.     Plaintiffs adopt and re-allege each and every allegation contained in the preceding paragraphs as if set forth fully herein.

40.     The Defendant has acted negligently and/or wantonly and as a direct and proximate result of that negligence, Plaintiffs have been injured.

41.     The Defendant owed Plaintiffs a duty not to wrongfully foreclose on their home. The Defendant breached that duty.  As a direct and proximate result of the breach, the Plaintiffs have been damaged.

42.     The Defendant has negligently/wantonly filed a foreclosure deed.

43.     The Defendant owed a duty to the Plaintiffs to refrain from erroneously filing inaccurate deed information.

44.     The Defendant breached that duty when they erroneously foreclosed on Plaintiffs' home.

45.     As a direct and proximate result of the Defendant's negligence, Plaintiffs' have suffered extensive damages, including, but not limited to, emotional distress, among other injuries.

46.     The Defendant acted with malice, recklessly and wantonly, in complete disregard for the health, safety, welfare, and credit worthiness of Plaintiffs.

47.     Defendant was also negligent when it reported to the world that a foreclosure had been rendered on the home owned by Plaintiffs.

48.     As a direct result of the Defendant's negligent and wanton actions, Plaintiffs have suffered extensive damages as named previously.

        **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact plus interest, costs, expenses, and attorney's fees.

## COUNT FOUR
### (DEFAMATION)

49.     Plaintiffs adopt and re-allege each and every allegation contained in the preceding paragraphs as if set forth fully herein.

50.     The Defendant did intentionally, knowingly, and willingly make false and defamatory statements concerning the Plaintiffs.

51.     The statements communicated were not privileged and were made to third parties.

52.     By the publication of these statements to the public, the Defendant published defamatory statements to a wide range of persons in the public.

53.     The statements made by Defendant that Plaintiffs' property had been foreclosed for lack of payment were false and untrue and defamed Plaintiffs.

54.   By publication of the statements to a wide range of persons in the public, Plaintiffs have sustained extensive damages including, but not limited to, *inter alia*, damage to reputation, obloquy, public humiliation, shame, embarrassment, contempt, ridicule, aversion, degradation, disgrace.

55.   The false statements of sufficient specificity were made negligently, wantonly, with malice and/or recklessly by the Defendant.

56.   As a proximate result of the Defendant's acts of defamation, Plaintiffs suffered actual and continuing financial damage and embarrassment, humiliation, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact plus interest, costs, expenses, and attorney's fees.

## COUNT FIVE
## (INVASION OF PRIVACY)

57.   Plaintiffs adopt and re-allege each and every allegation contained in the preceding paragraphs as if set forth fully herein.

58.   The Defendant intentionally violated and invaded Plaintiffs' privacy.

59.   The intrusion violates common decency.

60.   The Defendant publicized this intrusion and that publication violates and violated ordinary decency.

9

61.     The Defendant intruded into the Plaintiffs' physical solitude or seclusion, gave publicity to private information about Plaintiffs that violates ordinary decency, put Plaintiffs in a false, but not necessarily defamatory, position in the public eye.

62.     Plaintiffs have sustained extensive damages including, but not limited to, *inter alia*, damage to reputation, obloquy, public humiliation, shame, embarrassment, contempt, ridicule, aversion, degradation, and disgrace.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact plus interest, costs, expenses, and attorney's fees.

## COUNT SIX
## (SLANDER OF TITLE)

63.     Plaintiffs adopt and re-allege each and every allegation contained in the preceding paragraphs as if set forth fully herein.

64.     By erroneously filing a foreclosure deed on Plaintiffs' home, Defendant slandered and clouded the title to the Plaintiffs' property.

65.     Plaintiffs' home and property had a stigma on it and had an associated reduction in value to the property.

66.     As a direct and proximate result of the Defendant's slander of title, Plaintiffs suffered, and continues to suffer, actual and continuing financial damage and embarrassment, humiliation, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact plus interest, costs, expenses, and attorney's fees.

## COUNT SEVEN
## (INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS)

67.   Plaintiffs adopt and re-allege each and every allegation contained in the preceding paragraphs as if set forth fully herein.

68.   Defendant in complete disregard of the rights, privacy, health, and welfare of Plaintiffs, acted intentionally and/or with a reckless disregard for Plaintiffs' physical, financial, and/or emotional well-being.

69.   The actions taken by the Defendant were extreme and outrageous, actions that should not be tolerated in a civilized society. Defendant knew or should have known that these wrongful acts would cause extreme emotional distress.

70.   Plaintiffs have suffered extreme emotional distress and emotional hardship and injury as a direct result of the Defendant's extreme and outrageous conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact plus interest, costs, expenses, and attorney's fees.

## COUNT EIGHT

**(FRAUD)**

71.   Plaintiffs adopt and re-allege each and every allegation contained in the preceding paragraphs as if set forth fully herein.

72.   Defendant represented to the Plaintiffs that it would honor the loan modification agreement.

73.   The representations were made between May 2010 and September 2010.

74.   Plaintiffs were not aware of the fraudulent statements until December 2010.

75.   The promises, representations, and/or suppressions were made willfully, recklessly, without knowledge, or mistakenly with the intent to deceive Plaintiffs.

76.   The promises were integral to Plaintiffs' decision to enter into the loan.

77.   Plaintiffs justifiably and reasonably relied on the statements, representations, and suppressions of the Defendant.

78.   As a direct proximate consequence of the fraud perpetrated upon Plaintiffs, Plaintiffs have suffered extensive damages, past and present, in the form of monetary loss, mental anguish, and other damages and losses.

79.   Defendant represented to Plaintiffs in writing that there would be no foreclosure if Plaintiffs sent in the agreement and money by November 1, 2011.

80.   Plaintiffs relied upon the truthfulness of Defendant in this representation.

81.   As a result, Plaintiffs devoted all of their efforts to the modification process instead of seeking other options, including bankruptcy, drawing funds from retirement accounts or other sources to reinstate the loan, etc. to stop the foreclosure sale.

82.   This was the intent of Defendant, to trick by misrepresentation and suppression, the Plaintiffs into proceeding with the loan modification process until after the foreclosure sale occurred when the Plaintiffs would be deprived of the use of their house.

83.   At the time of this representation, Defendant had no intention of honoring this promise.

84.   Defendant suppressed the truth from Plaintiffs as Defendant knew that Plaintiffs would have taken other action if the Plaintiffs had known the truth.

85.   Defendant continued to misrepresent and suppress the truth concerning material facts in that it had no intention of rescinding the foreclosure sale.

86.   The misrepresentations and suppressions concerned material facts relating to the Plaintiffs keeping their home.

87.   The Plaintiffs properly relied upon the false statements and suppressions as no one else in the world would know the mind and intent of Defendant except for Defendant themselves.

88.   The shock, dismay, fear, anger, embarrassment, humiliation, sense of betrayal, and outrage felt and experienced in the Plaintiffs' body, mind, and heart, is difficult to describe.

89.   All of the actions of Defendant were taken in light of a deliberate plan, intent, and scheme to steal the Plaintiffs' home.

90.   All of the misrepresentations and suppressions of material fact which occurred before and after the foreclosure were made intentionally, maliciously, recklessly, negligently, and/or innocently.

91.   The Plaintiffs properly relied upon all such misrepresentations and suppressions of material facts and has been damaged thereby.

92.   At all times Defendant had an obligation to speak truthfully and to not lie to Plaintiffs and to not tell half truths to Plaintiffs.

93.   Defendant knew at all times the devastating effect that the fraud would have upon the Plaintiffs and this is consistent with the effect that homeowners across Alabama and across this nation are experiencing from the rampant fraud committed by Defendant over the last several years.

94.   Defendant have refused to express, in words or deeds, any remorse or any feelings of guilt or regret for what they have done to the Plaintiffs and what they are continuing to inflict upon the Plaintiffs every day.

95.   Had Plaintiffs been told the truth, Plaintiffs could have taken other steps and actions.

96.   Plaintiff claims all damages allowable under law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact plus interest, costs, expenses, and attorney's fees.

### COUNT TEN
### (SUPPRESSION)

97.   Plaintiffs adopt and re-allege each and every allegation contained in the preceding paragraphs as if set forth fully herein.

98.   Defendant had a duty to honor the loan modification agreement.

99.   Defendant fraudulently suppressed or failed to disclose this critical information to Plaintiffs.

100.   The information concealed or not disclosed was material.

101.   The concealment or nondisclosures induced Plaintiffs to take a different course than they would have taken but for the concealment or nondisclosures.

102.   Defendant's fraudulent suppression proximately caused extensive damage to Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the s for compensatory and punitive damages in an amount to be determined by the trier-of-fact plus interest, costs, expenses, and attorney's fees.

## COUNT ELEVEN
## (UNJUST ENRICHMENT)

103.   Plaintiffs adopt and re-allege all paragraphs as if set out here in full.

104.   The actions of Defendant in foreclosing on the home of Plaintiffs in violation of law resulted in Defendant being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

105.   Defendant has kept thousands and thousands of dollars from Plaintiffs after the foreclosure.

106.   As a result of Defendant's unjust enrichment, Plaintiffs have been injured and damaged in that Plaintiffs have been forced to pay charges that were illegal, wrong in character, wrong in amount, unauthorized, or otherwise improper under threat of and the actual illegal foreclosure by Defendant.

107.   Plaintiffs claim all damages allowable under law as a result of Defendant's wrongful conduct and unjust enrichment.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier-of-fact plus interest, costs, expenses, and attorney's fees.

## COUNT TWELVE
## (NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, AND/OR TRAINING)

108.   Plaintiffs reallege all paragraphs as if set out here in full.

109.   Defendant hired, supervised, and/or trained incompetent agents or employees who committed some or all of the wrongful acts set forth in this Complaint.

110.   Defendant knew or should have known of the incompetence of these agents or employees.

111.   Defendant was negligent or reckless in their hiring, supervision, and/or training which led as a direct and proximate result to the damages suffered by Plaintiffs.

112.   Plaintiffs claim all damages allowable under law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier-of-fact plus interest, costs, expenses, and attorney's fees.

Respectfully submitted,

/s/ Jason L. Yearout
Jason L. Yearout, (YEA011)
Attorney for Plaintiffs
**YEAROUT & TRAYLOR, P.C.**
3300 Cahaba Road, Suite 300
Birmingham, AL 35223
(t) 205.414.8160
(f) 205.414.8199
e-mail: jyearout@yearout.net
website: www.yearout.net

## SERVE THE FOLLOWING BY CERTIFIED MAIL:

**BANK OF AMERICA, N.A.**
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109